NO. 07-02-0142-CR


NO. 07-02-0143-CR


NO. 07-02-0144-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 15, 2003



______________________________




FABIAN JAMES TANKESLY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,975-A, 41,941-A, & 41,926-A ; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 Pursuant to guilty pleas, on April 11, 2001, appellant Fabian James Tankesly was
convicted of theft over $1,500 in cause number 41,975-A, securing execution of documents
by deception over $20,000 and under $100,000 in cause number 41,941-A, and
unauthorized use of a motor vehicle in cause number 41,926-A, and punishment was
assessed at two years confinement and a $100 fine, suspended for three years community
supervision. Upon the State's amended motion, on March 7, 2002, community supervision
was revoked for violations of the conditions thereof, and the original punishment was
imposed. In presenting this appeal, counsel has filed an Anders (2) brief in support of a
motion to withdraw. Based upon the rationale expressed herein, counsel's motion to
withdraw is granted and the judgment of the trial court is affirmed. 

 In support of her motion to withdraw, counsel has certified that she has diligently
reviewed the record and, in her opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that she sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that she notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant filed a pro se letter brief; however, the State did
not favor us with a brief.

 By its amended motion to revoke, the State alleged numerous violations of the
conditions of community supervision. At the hearing on the State's motion, after being
properly admonished, appellant voluntarily plead true to four of the allegations in all three
cause numbers and one of the allegations in cause number 41,926-A, and the State
waived the remaining allegations. 

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). One sufficient ground for revocation supports the trial
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). Also, in a
revocation proceeding, a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Appellate counsel presents one arguable issue in the Anders brief, to-wit: whether
the trial court could have considered the extenuating circumstances facing appellant and
imposed a lesser sentence. By his pro se letter brief, appellant concedes that he agreed
to plead true to some of the allegations made by the State, but that he believed his trial
counsel would present a defense on those allegations. He also attempts to explain the
circumstances that lead to some of the violations of his conditions of community
supervision. However, having reviewed a transcription of the hearing, we conclude that
appellant's plea of true was freely and voluntarily given and thus, is sufficient to support
the trial court's revocation order.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



appellant challenges the
judgment of the trial court. We affirm.
          By a single issue, appellant contends that the trial court impermissibly considered
unreliable evidence in order to increase the punishment assessed. We disagree with the
appellant’s characterization of the action of the trial court.
Factual Background
          Appellant does not assail any of the facts regarding the trial court’s finding of guilt,
therefore, we do not find it necessary to recite the factual background except as pertains
to the issue of the punishment hearing. During the punishment hearing, the trial court
made the following statement:
Mr. Martinez, I have heard the evidence in both the guilt-innocence phase
and punishment phase of this trial, and frankly, sir, what you have done is
despicable. It’s terrible.
 
These girls were little girls, nine and seven, or probably younger when this
all started. They loved you, they trusted you, they depended on you, and
they obeyed you, I’m sure.
 
And you’ve hurt not only them; you’ve hurt your whole family. One of the
things about this kind of crime is it’s so bad, people don’t want to believe that
somebody they know could do something like this. It’s just – it’s a bad– it’s
just not very– not hardly imaginable.
 
People just can’t imagine somebody doing what you have done. And
therefore, they think, well, the children must not be telling the truth, or the
children’s parents must be putting them up to it, or, you know, all kinds of
things, making excuses for you. And really, you’re the one that’s caused it
all. So the whole family is torn apart. Your wife now is going to have to live
without you.
 
I appreciate Mr. Everitt’s arguments about alcohol, and you may be –
certainly may be an alcoholic. You certainly may drink too much, and I’m
sure that’s true, but alcohol is not the cause for what you’ve done.
 
What you have done has much deeper roots than just drinking too much or
being drunk on occasion. Now, we’ve heard a lot of different instances where
you were acting inappropriately with these children. I dare say I don’t think
you were intoxicated every time this happened.
 
Unfortunately for you, they haven’t really come up with a good way to
cure pedophiles. In fact, there’s hardly any cure at all for pedophiles. 
That means if someone is released back into society, they’re very likely
to recommit the same offense, maybe with different victims, but
basically the same offense.
 
And about the only way we can protect society from pedophiles is to
get them out of society and keep them out of society.



 
The trial court then pronounced the sentences that appellant appeals.
Discussion
          Appellant contends that the highlighted portion of the trial court’s statements
indicates that the trial court improperly increased the sentences imposed on appellant. 
This is so, according to appellant, because the trial court relied on unreliable or false
information in assessing the punishment. However, the record clearly demonstrates that
appellant never objected to the statements by the trial court, during the trial or in any post-trial motions, or in any manner placed the trial court on notice of his current contention. 
To preserve error for appellate review, a party must present a timely objection to the trial
court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a); Trevino v. State, 174 S.W.3d 925, 927 (Tex.App.–Corpus Christi 2005, pet. ref’d). 
Even claims of constitutional violations can be waived by a failure to object. Trevino, 174
S.W.3d at 927. "All a party has to do to avoid the forfeiture of a complaint on appeal is to
let the trial judge know what he wants, why he thinks himself entitled to it, and to do so
clearly enough for the judge to understand him at a time when the trial court is in a proper
position to do something about it." Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App.
1992) (en banc). 
          Appellant concedes that there was no objection lodged at trial, but argues that this
court may proceed to consider the trial court’s actions when the trial court solicited,
procured, considered, and relied on inherently unreliable information to determine the
sentence. Arnold v. State, No. 05-07-00120-CR, 2008 Tex.App. LEXIS 5747
(Tex.App.–Dallas July 31, 2008, no pet.) (not designated for publication). However, on
close review, the Arnold opinion is clearly distinguishable from the facts of the present
case. In Arnold, the trial court, after receiving an open plea in a drug case in which the
defendant was requesting a deferred adjudication, stated that the defendant’s story was
incredible and unbelievable. Id. at *2-*3. However, the trial court stated that, if the
defendant could convince the court that the defendant’s story was true by passing a
polygraph, then the court would grant a deferred adjudication. Id. at *3. The defendant
agreed but subsequently failed the polygraph test. Id. at *4. After reconvening the
punishment hearing, the trial court found appellant guilty and sentenced him to ten years
incarceration. Id. at *4-*5. The Dallas Court of Appeals pointed out that, even though the
polygraph results were neither offered nor admitted into evidence, the trial court clearly
solicited, procured, considered and relied on them. Id. at *8. Accordingly, the court in
Arnold concluded appellant had not waived the argument by failing to object to the
proceeding. Id. at *16-*17. 
          Those operative facts are not present in the case before the court. Appellant cannot
cite the court to a single reference in the record that supports the theory that the trial court
considered unreliable or false information or evidence in order to increase his sentence in
making its sentence determination. Therefore, appellant’s failure to object has resulted in
a waiver of any complaint on appeal. Trevino, 174 S.W.3d at 927.
          Even were we to conclude that appellant had not waived the argument, it would be
of no assistance. The record demonstrates that the trial court was expressing an opinion
about the nature of the conviction of appellant on multiple counts of aggravated sexual
assault and indecency with a child. However, appellant does not direct us to, nor does the
record show, any evidence explaining what affect, if any, the referenced statement had on
the trial court’s sentence determination. The court had never indicated what the sentence
was to be, therefore it is illogical to state that the referenced statement shows he was
increasing the sentence for some illicit reason. For all of these reasons, appellant’s issue
is overruled. 
 
Conclusion
          Having overruled appellant’s sole issue, the trial court’s judgment is affirmed. 
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.